NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS FERMIN, | Civil Action No. 17-1862 (JLL) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of error *coram nobis* filed by Carlos Fermin ("Petitioner") challenging Petitioner's 2007 conviction. (ECF No. 1) Respondent, United States of America ("Respondent" or "Government"), filed a response to the petition, (ECF No. 9), to which Petitioner replied, (ECF No. 10). Also before the Court is Petitioner's emergency motion seeking a stay of his final order of removal, (ECF No. 13), to which the Government has responded, (ECF No. 14). For the following reasons, the Court will deny both the petition and the emergency motion.

## I. BACKGROUND

On November 18, 2003, Petitioner pled guilty to one count of possession with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), before Judge Hochberg. On May 3, 2007, Judge Hochberg sentenced Petitioner to time served and a period of supervised release of sixty months. (Docket No. 03-815 at ECF No. 16).

Petitioner did not appeal. (Docket No. 03-815).

On July 27, 2016, following a traffic stop, Petitioner was taken into immigration detention and placed into removal proceedings based on his prior conviction. (ECF No. 9-1 at 8). On January 10, 2017, an immigration judge ordered Petitioner removed. (ECF No. 14-1 at 12–20). Petitioner appealed, and the Board of Immigration Appeals affirmed his order of removal and dismissed his appeal on May 3, 2017. (*Id.* at 24). While that appeal was pending, Petitioner was released on bond following an Order of this Court directing an immigration judge to conduct a bond hearing for Petitioner. (*Id.* at 26). Because Petitioner is now subject to a final order of removal, however, Petitioner was taken back into immigration custody on January 18, 2018. (*Id.* at 8). The Government is now attempting to remove Petitioner to his home country, the Dominican Republic. (*Id.*).

On or about March 16, 2017, nearly ten years after his judgment of conviction became final, Petitioner filed his current petition for a writ of error *coram nobis*. (ECF No. 1). In his petition, Petitioner essentially argues that his plea attorney failed to advise him of the immigration consequences of his plea, that he would not have pled guilty had he been informed of those consequences, and that he therefore should be permitted to withdraw his plea due to ineffective assistance of counsel. (*Id.*). Following briefing in this matter and Petitioner being arrested by immigration officials in January 2018, Petitioner also filed an "emergency motion" seeking a stay of his final removal order. (ECF No. 13). In his "emergency motion," Defendant asserts that his Due Process rights will be violated if Petitioner is removed before he has an opportunity to testify in any hearing this Court might deem necessary for the resolution of this matter. (*Id.*).

## II. DISCUSSION

**A. Legal Standard**

A petitioner who has completed his sentence and is no longer in custody pursuant to his judgment of conviction, but who continues to suffer collateral consequences from his conviction, may seek to challenge his conviction through a petition for a writ of error *coram nobis*. *United States v. Biondi*, 600 F. App'x 45, 46 (3d Cir. 2015); *see also Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012); *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989). A writ of error *coram nobis*, however, "is an 'infrequent' and 'extraordinary' form of relief that is reserved for 'exceptional circumstances.'" *United States v. Babalola*, 248 F. App'x 409, 411 (3d Cir. 2007) (quoting *Stoneman*, 870 F.2d at 106); *see also Mendoza*, 690 F.3d at 159. Indeed, the Supreme Court has observed that the granting of a writ of error *coram nobis* is so extreme a remedy that it "is difficult to conceive of a situation in a federal criminal case today where [*coram nobis* relief] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

As the Third Circuit has explained,

> Because of the strong interest in finality of judgments, the standard for a collateral attack on a conviction via a writ of error *coram nobis* is more stringent than the standard applicable on a direct appeal. Indeed, because a defendant seeking *coram nobis* relief has already completed her sentence, the interests in favor of revisiting the judgment are even less than in the habeas context, where the petitioner is still "in custody." Thus, only where there are errors of fact of the *most fundamental kind*, that is, such as to render the proceeding itself irregular and invalid . . . can redress be had, and relief will be granted only when circumstances compel such action to achieve justice. Despite this heavy burden, both the Supreme Court and [the Third Circuit] have reaffimed the continued existence of *coram nobis* relief in the appropriate circumstances.
>
> In addition to the cardinal requirement for issuance of the

> writ that errors of . . . the most fundamental kind had infected the proceedings, this court has articulated several other threshold considerations to *coram nobis* relief. A *coram nobis* petitioner must also show that (1) he is suffering from continuing consequences of the allegedly invalid conviction, (2) there was no remedy available at the time of trial, and that (3) sound reasons exist for failing to seek relief earlier. Of course, earlier proceedings are presumptively correct and the petitioner bears the burden to show otherwise.

*Babalola*, 248 F. App'x at 411–12 (internal quotations and citations omitted); *see also Stoneman*, 870 F.2d at 106, *United States v. Osser*, 864 F.2d 1056, 1059–62. Failure to establish any of the above elements will defeat a petition for *coram nobis* relief, and the "sound reasons" standard requires an even greater showing of entitlement to relief than that required in a § 2255 *habeas* proceeding. *Mendoza*, 690 F.3d at 159; *Stoneman*, 870 F.2d at 106.

**B. Analysis**

In this matter, Petitioner argues that he should be entitled to relief from his criminal conviction because his counsel did not inform him of the immigration consequences of his guilty plea, despite requests to discuss that information, and thus Petitioner did not know at the time he pled guilty that he would be subject to removal from the United States on the basis of his guilty plea. As Petitioner has now been ordered removed from the United States on the basis of his prior conviction, it is certainly clear that Petitioner continues to suffer a continuing consequence from his guilty plea. What Petitioner cannot show, however, is that he is entitled to *coram nobis* relief, because his Petition is based on a flawed premise—that the Supreme Court's ruling in *Padilla v. Kentucky*, 559 U.S. 356 (2010) (holding that counsel's failure to advise a petitioner or affirmative misadvice as to the immigration consequences of a guilty plea amounts to ineffective assistance of counsel), is retroactively applicable to this collateral proceeding.

4

Although Petitioner did not cite to *Padilla* in his initial petition, the claim Petitioner is attempting to raise in this matter—that counsel was constitutionally ineffective in failing to advise him as to the immigration consequences of his plea—was first recognized by the Supreme Court in *Padilla*. 559 U.S. at 368-71. Because the claim Petitioner seeks to raise was recognized in 2010, several years after Petitioner's conviction became final in 2007, Petitioner could only be entitled to relief under *Padilla* if that case were retroactively applicable to cases on collateral review. In his reply brief, Petitioner therefore argues that he is entitled to relief under *Padilla* because the Third Circuit held *Padilla* to be retroactively applicable in *United States v. Orocio*, 645 F.3d 630 (3d Cir. 2011), *abrogated by Chaidez v. United States*, 568 U.S. 342 (2013). Although the Third Circuit in *Orocio* did find that *Padilla* was retroactive, it did so by determining that *Padilla* had not announced a new rule of law. *Id.* at 641. As the Third Circuit noted in *Mendoza*, however, "if the Supreme Court were to overrule *Orocio* and conclude that *Padilla* did, in fact, create a 'new rule,' such a ruling . . . would . . . preclude [*coram nobis* petitioners] from invoking *Padilla* retroactively, effectively foreclosing [such a] claim." 690 F.3d at 160 n. 1.

This is, in fact, precisely what the Supreme Court did in *Chaidez*, 568 U.S. at 358. As the *Chaidez* Court explained, the Supreme Court "announced a new rule in *Padilla*" and "defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding." *Id.* The Supreme Court thus directly abrogated the holding in *Orocio* on which Petitioner now seeks to rely. *Id.* Because Petitioner seeks relief from his conviction pursuant to a *Padilla* claim, and because *Padilla* does not apply retroactively, regardless of the abrogated holding of *Orocio*, Petitioner cannot benefit from *Padilla*. Petitioner thus cannot show that he is entitled to relief as the claim he seeks to raise is foreclosed. Petitioner's *coram nobis* petition must therefore be

denied.

In addition to his *coram nobis* petition, Petitioner in this matter has also filed an "emergency motion" seeking a stay of his final order of removal, arguing that his presence may be required for a hearing in this matter, and that his removal before this matter is concluded might violate his rights under the Due Process Clause of the Fifth Amendment. Initially, the Court notes that, because Petitioner's claim is clearly foreclosed by *Chaidez*, he is not entitled to relief and no hearing is therefore necessary to resolve this matter. Even were this not the case, however, this Court cannot grant Petitioner the relief he seeks because this Court has no jurisdiction to stay a final order of removal. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g); *K.A. v. Green*, No. 17-3542, 2017 WL 5513685, at *3 (D.N.J. Nov. 16, 2017). Indeed, because Petitioner has received a final order of removal, any challenge to the validity of that removal order or request for a stay of that Order "could be entertained only by the Court of Appeals, not this Court." *Grosset v. Muller*, No. 13-654, 2013 WL 6582944, at *4 n. 5 (D.N.J. Dec. 13, 2013). Petitioner's emergency motion must therefore be denied.[1]

---

[1] The Court need not transfer the motion to the Court of Appeals because a transfer is not in the interests of justice insomuch as Petitioner could not show his entitlement to a stay of removal based on his *Padilla* claim as that claim is foreclosed by *Chaidez* and Petitioner therefore cannot show that he is likely to succeed on the merits. *See Nken v. Holder*, 556 U.S. 418, 426-36 (2009); *Douglas v. Ashcroft*, 374 F.3d 230, 234 (3d Cir. 2004).

## III. CONCLUSION

For the aforementioned reasons, Petitioner's petition for a writ of error *coram nobis* is DENIED and Petitioner's motion for emergency relief is also DENIED. An appropriate order follows.

Date: January 29, 2018

JOSE L. LINARES,
Chief Judge, United States District Court